## Z. Z. SAVORY v. LOUIS J. BERKEY AND OTHERS.[1]

January 30, 1942.

No. 32,743.

[1]Reported in 2 N. W. (2d) 146.

*G. F. Mantz,* for appellant.
*Loring & Anderson,* for respondents.

HOLT, JUSTICE.

Plaintiff, the owner of ten shares of stock issued by the Berkey Finance Company, a Minnesota corporation having its principal place of business in Minneapolis, brings this action for the use and benefit of the said corporation to recover from the officers and directors thereof, for misappropriating corporate funds. The complaint alleges that defendant Louis J. Berkey, the president and treasurer of the corporation, with the consent of the other defendants, misappropriated funds aggregating $20,000 of the corporation for his own use. It also alleges that Louis J. Berkey operated an insurance business under the name of the Berkey Company, a Minnesota corporation, and that he has appropriated approximately $5,000 of the funds of the Berkey Finance Company for the use and benefit of the Berkey Company with the consent of the directors of the Berkey Finance Company. There are further sweeping allegations of neglect of defendants' duties, as directors and officers of the Berkey Finance Company, to protect the interests of the corporation and to conduct its affairs properly, and a condoning by them of the misappropriations of Louis J. Berkey. It is further alleged that plaintiff did not know of these wrongs until six months before the bringing of the action, and that it would be useless under the circumstances to request the corporation to bring suit.

The answer denied misappropriation and all wrongdoing and admitted that plaintiff was a stockholder; that the individual defendants were directors and officers as alleged; and asked for judgment that plaintiff take nothing and for costs and disbursements. The trial was to the court and findings in favor of defendants. Plaintiff's motion for amended findings or a new trial was denied. Plaintiff appeals from the judgment entered pursuant to the findings.

The assignments of error challenge paragraphs 6, 7, 8, 9, and 10 of the findings of fact as not supported by the evidence. For brevity, the Berkey Finance Company will hereinafter be designated as the Finance Company and the Berkey Company as the Berkey Company.

The record discloses that defendants Berkey and Thompson had established an insurance agency business in Minneapolis. The two and Berkey's wife incorporated under the laws of this state the Berkey Company, to operate the insurance agency, and were the owners of all its stock. Thereafter, in 1907, Berkey and Thompson incorporated the Finance Company, under the laws of this state, to deal in real estate mortgages and land contracts. The authorized capital stock was $25,000, divided into shares of the face value of one dollar a share. Plaintiff holds ten shares issued to him in 1923. In 1925 or 1926, the articles of incorporation were amended so as to increase the capital stock to $100,000, and the face value of the shares changed to $100 a share; but there are only about $36,000 of the capital stock outstanding. From its inception to the present time, defendant Berkey has been the president of both corporations and defendant Thompson the secretary of the Finance Company. As such officers they never received any salaries. The Berkey Company rented the office occupied and paid the office help, such as the bookkeeper and stenographers. The Finance Company occupied the same office as the Berkey Company, and defendants Berkey and Thompson performed all the actual business of both corporations. The board of directors of the Finance Company, at the start, authorized it to pay the Berkey Company eight dollars per month for all the services rendered, which included office space, use of office force, and the business management of Berkey and Thompson. As the business of the Finance Company grew, its directors, from time to time, by resolution increased the monthly compensation to be received by the Berkey Company, so that the last such resolution in July 1925 fixed the compensation at $300 a month.

4

The Finance Company started business in a small way. Mr. Berkey testified that when a person was found who desired to borrow money on real estate security, the borrower gave the Finance Company two mortgages, a first mortgage, and a second mortgage. The Finance Company would then sell the first mortgage and retain the second mortgage. When real estate kept advancing in value, the business prospered and the second mortgages were paid. But when depression came the result was disastrous. It came to such a pass that the Berkey Company, by resolution of its board of directors, on March 14, 1934 (exhibit 1) authorized the Finance Company to pay directly to Berkey and Thompson for the services rendered and to be rendered it by the Berkey Company.

With the charges of misappropriation and wrongdoing made by plaintiff, he of course had the burden of proof. The only proof adduced consisted of so-called ledger cards of parts of the Finance Company's accounts with the Berkey Company, some 21 cards of a larger number (exhibit D), and one such card of the account with defendant Berkey (exhibit E). Neither the journals nor the cash books referred to in said cards were offered. There were also three trial balance sheets (exhibits F, G, H) received. Aside from the documents referred to, the only witnesses called were defendant Berkey for cross-examination, and Mr. Tuttle, a public accountant, conceded to be a qualified expert. The only fact of importance gained from Mr. Tuttle's testimony was that the Finance Company was insolvent and had been in that condition for some time, and that its books of account were not well kept. Plaintiff conceded that resolutions in the recorded minutes of the directors of the Finance Company from 1907 to July 1925 authorized monthly compensation to the Berkey Company for services rendered by it to the Finance Company. And Mr. Tuttle did not point to any item which he could say was misappropriated by either Berkey or the Berkey Company. It is entirely clear to us that there was a total failure of proof of any wrongdoing by defendants to the loss or damage of the Finance Company. A mere showing that the books of account were not well kept or that entries therein

were not made at the proper time does not suffice to show loss or damage.

The challenged findings of fact are, in substance, that the Finance Company by resolution of its board of directors paid or agreed to pay to the Berkey Company each month certain amounts for its office quarters, office equipment, stenographic service, telephone service, and such other service as was necessary in the management of its business; and the amount was increased from time to time until July 27, 1925, when it was fixed at $300 a month; that such amounts were fair and reasonable for the services rendered; that no true state of accounts was set up in the account books of the Finance Company, and therefore a true state of accounts between the two corporations was not reflected on the books of account of the Finance Company prior to February 1, 1938; but that about that date an entry was made on the books of both corporations pursuant to a resolution of the Finance Company whereby the Berkey Company was credited and the Finance Company charged with $23,500.50; that on March 14, 1934, the Berkey Company by resolution authorized the Finance Company to pay Berkey and Thompson direct the monthly stipend it had agreed to pay for the services rendered by the Berkey Company; that there was a wrong entry on the Finance Company account against defendant Berkey which should have been against the Berkey Company, which was corrected by the entry above referred to of $23,500.50; and that except as above found the allegations of plaintiff's complaint of misappropriations of funds and negligence of defendants were not sustained. We are of opinion that the trial court was compelled by this record to make the findings that were made.

We realize that for two men to do business in the same office by means of two corporations leads to difficulties and undesirable situations, but that does not warrant courts to award judgments against individuals without proof of the wrongs and misappropriations alleged. What seems to have given rise to the lawsuit was that on exhibit E, the Finance ledger card, an entry was made of the $5,500.46 owing by Louis J. Berkey, when the entry should

have been owing by Berkey Company; and that upon one of the ledger cards of exhibit D was an entry of $17,278.51 as owing from the Berkey Company, when as a matter of fact the latter had not been credited with the monthly payments which the Finance Company agreed to pay the Berkey Company for the latter's services. Mr. Tuttle did not undertake to state that the entry made in March 1938 was not justified and in accord with the resolutions of the board of directors as conceded by plaintiff on page 33 of the printed record.

The only other assignment of error relates to the reception in evidence of defendants' exhibit 1. It was objected to as self-serving. It was a resolution by the board of directors of the Berkey Company authorizing the Finance Company to pay to defendants Berkey and Thompson what it had agreed to pay to the Berkey Company. We think this was admissible. The Berkey Company was not a party to this action, and hence the document was not open to the objection made.

We need not consider the objections made by defendants that plaintiff cannot maintain the suit as a class suit. Nor is there anything to the point that plaintiff could only institute suit after he had requested the Finance Company to commence suit and there had been a refusal. It appears from the complaint that a demand would have been futile.

The judgment is affirmed.

STONE, JUSTICE (concurring).

Perfectly plain is the justification for the finding that plaintiff had not sustained his burden of proof. Beyond that, it appears to me, discussion need not go. Anyway, my own consideration of the case stops there.